5:19-cv-1361

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

CLINTON STRANGE,

Plaintiff

v.

ABC COMPANY,

Defendant

**RECEIVED**

OCT 16 2019

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

## CIVIL ACTION

### COMPLAINT FOR VIOLATIONS OF:

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991;

### &

### THE LOUISIANA TELEPHONE CONSUMER RELIEF ACT OF 2001

**Magistrate Judge Consent- Plaintiff Waives His Seventh Amendment Right to Trial By Jury and Consents to Proceed Before a U.S. Magistrate Judge**

### PRELIMINARY STATEMENT:

1. This is an action brought in good faith by an adult individual against Defendant ABC Company, who is fictitiously named because Plaintiff has not been as yet able to ascertain the true identity, for alleged numerous violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), and the Louisiana Telephone Consumer Relief Act of 2001. The Plaintiff seeks a maximum award for damages along with both preliminary and injunctive relief enjoining the Defendant from future violations of those parts.

### JURISDICTION & VENUE:

2. **Jurisdiction** arises in this Court under a Federal Question pursuant to 28 U.S. Code § 1331.

3. **Supplemental Jurisdiction** ( should the Court choose to exercise Supplemental Jurisdiction) is proper in this Court because the Plaintiff's State Law Claims were born out of the same conduct that [i]s under Federal Question Jurisdiction pursuant to 28 U.S. Code § 1367.

4. **Venue** lies proper in this U.S. District Court because the Defendant directed their conduct into the forum state of Louisiana and utilized a Caller ID number that made it appear that they were from in or around Ruston, Louisiana which is also within the Western District of Louisiana pursuant to 28 U.S. Code § 1391.

### THE PARTIES:

5. **Plaintiff**, CLINTON STRANGE, is an adult individual residing at the address of:
CLINTON STRANGE

7021 WINBURN DRIVE

GREENWOOD, LA 71033

6. **Defendant**, ABC COMPANY, is a fictitiously named Defendant. The Plaintiff is unaware of the Defendants true identity at this time but will seek leave of the Court to seek expedited discovery to learn the true identity and amend his complaint once the true identity becomes known. This Defendant can best be described at this time as the enduser subscriber of VoIP Telecommunications services provided by bandwidth.com associated with the telephone number 318-202-2497.

**FACTUAL ALLEGATIONS:**

**SECTION I:**

**THE DOCUMENTED INCIDENTS**

7. Between September 26, 2019 and October 2, 2019, the Defendant placed six (6) calls to the Plaintiff's cellphone number 318-423-5057 using an Automatic Telephone Dialing System ("ATDS").



8.

9. The Plaintiff alleges that the Defendant called (placed calls to) his cellphone number 318-423-5057 on the following dates and times:

   a- September 26, 2019 at 12:07pm CST
   b- September 27, 2019 at 2:29pm CST
   c- September 27, 2019 at 4:46pm CST
   d- October 1, 2019 at 11:02am CST
   e- October 1, 2019 at 2:51pm CST
   f- October 2, 2019 at 3:32pm CST

10. Each and every call that Plaintiff answered that Defendant placed to his cellphone was a "dead air" call made using an ATDS with a One Hundred percent (100%) abandonment rate. This is way more than the three percent (3%) allowed by the FCC over a 30-day period.

11. An ATDS would be necessary to manipulate the caller ID information.

12. Plaintiff knows that an ATDS was being employed because of the frequency of the calls and the volume of the calls.

13. The Plaintiff knows that an ATDS was being utilized because each answered call lasted exactly eleven (11) seconds before the dialer technology would disconnect the call.

14. Each and every call that the Plaintiff answered that the Defendant placed to his cellphone played exactly eleven (11) seconds of dead air before the dialer technology disconnected the ATDS call.

15. The Plaintiff tried phoning the calling entity on October 2, 2019 at 4:45pm CST to tell them to stop, but after six (6) minutes the Defendant's automated system (which never identified the Defendant in any way) disconnected the Plaintiff's call.

16. Some days later when the Plaintiff tried again to call the Defendant's phone number he found that [i]t was "out-of-service".

## SECTION II:
## THE CONSUMER HARM THAT THE PLAINTIFF ALLEGES TO HAVE SUFFERED

17. Plaintiff does not like to receive unwanted commercially solicitous phone calls on his cellphone because they "intrude on his seclusion and violate his rights to privacy guaranteed under the U.S. Constitution", and further deplete plaintiff's memory storage capacity, deplete Plaintiff's battery level on his cellphone (amounting to a Trespass to Chattel Tort under Louisiana State Laws), and require him to use a measurable amount of both mental and physical energy to walk to his phone and answer the calls. Plaintiff alleges that he has Article III standing as a result of Defendant's agents alleged conduct.

18. The unwanted and unsolicited ATDS robocalls caused the Plaintiff's cellphone to "awaken" from rest mode and illuminate, vibrate, and ring each and every time the Defendants called the Plaintiff's cellphone which drained his battery to some extent.

19. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

## SECTION III:
## HOW THE PLAINTIFF SOUGHT TO MITIGATE HIS DAMAGES

20. On January 3, 2018 the Plaintiff registered his cellphone number on the U.S. Federal Trade Commission's Do-Not-Call List [See Exhibit A].

21. On August 2, 2018 the Plaintiff registered his cellphone with the Louisiana Public Service Commission's Do-Not-Call program [See Exhibit B].

## SECTION IV:

## CONCLUSIONARY STATEMENTS

22. Recovery of damages for the two separate provisions (of both subsections b and c) does not upset Congress's balance in setting damages "'fair to both the consumer and the telemarketer.'" See *GVN Mich.*, 561 F.3d at 632 n.8 (quoting 137 Cong. Rec. S16,204, S16,205 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings)).

23. This Court should calculate and appropriately award the Plaintiff both stacked and trebled damages for each and every violation for which [i]t finds the Defendant liable to the Plaintiff for together along with both pre and or post judgement interest and costs of bringing and litigating the action.

## THE COUNTS AND CAUSES OF ACTION:

## COUNT I:

### (Plaintiff v. Defendant)

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S. Code § 227(c)(5)**

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Subsection c of the TCPA makes it unlawful for a telemarketer to place more than one telemarketing call to a number registered on the Federal Do-Not-Call list in a twelve-month period.

26. Evidence presented at trial will show that the Defendant placed more than one telemarketing call to the Plaintiff's cellphone which is registered on the Do-Not-Call list within a twelve-month period.

27. To the extent the Court finds that this conduct was only negligent the Plaintiff seeks damages of $500.00 for each and every violation under this count.

## COUNT II:

### (Plaintiff v. Defendant)

**WILLFUL AND KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S. Code § 227(c)(5)**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Subsection c of the TCPA makes it unlawful for a telemarketer to place more than one telemarketing call to a number registered on the Federal Do-Not-Call list in a twelve-month period.

30. Evidence presented at trial will show that the Defendant placed more than one telemarketing call to the Plaintiff's cellphone which is registered on the Do-Not-Call list within a twelve-month period.

31. To the extent the Court finds that this conduct was done willfully and knowingly the Plaintiff seeks damages of $1500.00 for each and every violation under this count.

## COUNT III:

### (Plaintiff v. Defendant)

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S. Code § 227(b)(1)(A)(iii)**

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Subsection b of the TCPA makes it unlawful for a telemarketer to place calls to a cellphone using an ATDS or a pre-recorded voice (message) without the written consent of the called party. The Defendant did not have the Plaintiff's consent.

34. Evidence presented at trial will show that the Defendant placed at least six (6) of such calls to the Plaintiff's cellphone.

35. To the extent the Court finds that this conduct was only negligent the Plaintiff seeks damages of $500.00 for each and every violation under this count.

## COUNT IV:

### (Plaintiff v. Defendant)

**WILLFUL AND KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S. Code § 227(b)(1)(A)(iii)**

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Subsection b of the TCPA makes it unlawful for a telemarketer to place calls to a cellphone using an ATDS or a pre-recorded voice (message) without the written consent of the called party. The Defendant did not have the Plaintiff's consent.

38. Evidence presented at trial will show that the Defendant placed at least six (6) of such calls to the Plaintiff's cellphone.

39. To the extent the Court finds that this conduct was done willfully and knowingly the Plaintiff seeks damages of $1500.00 for each and every violation under this count.

## PRAYER FOR RELIEF:

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

Statutory Damages;
Actual Damages;
Treble Damages;
Stacked Damages;
Pre and Post Judgement Interest;
Enjoinder from further violations of these parts;
Costs of litigating the action together along with all reasonable attorney's fees (if any) and court costs;
And such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _____    10-13-2019
Clinton Strange
Pro Se                             Dated
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com